**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Sidney L. Christie Federal Building*
*and United States Courthouse*
*845 Fifth Avenue, Room 209*
*Huntington, WV 25701*
*PHONE: 304-529-5799*
*FAX: 304-529-5545*



FILED
MAR - 9 2020
RORY L. ~~~
U.S. ~~~
Southern Di~~~ West Virginia

February 27, 2020

R. Lee Booten, II, Esquire
637 7th Street
Huntington, WV 25701

> Re:  United States v. Stewart Longworth Jordan, III
> Criminal Nos. ~~3:19-cr-0008~~ and
> 3:20-cr- **000 46**     (USDC SDWV)

Dear Mr. Booten:

This will confirm our conversations with regard to your client, Stewart Longworth Jordan, III (hereinafter "Mr. Jordan"). As a result of these conversations, it is agreed by and between the United States and Mr. Jordan as follows:

1.  **PENDING CHARGES.** Mr. Jordan is charged in a one-count Indictment with a violation of 21 U.S.C. § 846 (attempted possession with intent to distribute 50 grams or more of methamphetamine).

2.  **CHARGING AGREEMENT.** Mr. Jordan agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by Indictment and will consent to the filing of a one-count Information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A.

3.  **RESOLUTION OF CHARGES.** Mr. Jordan will plead guilty to a violation of 21 U.S.C. § 846 (attempted possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine) as charged in

*SLJ*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Defendant's
Initials

said Information.  Following final disposition, the United States will move the Court to dismiss Count One in Criminal No. 3:19-cr-00085.

    4.   **MAXIMUM POTENTIAL PENALTY**.  The maximum penalty to which Mr. Jordan will be exposed by virtue of this guilty plea is as follows:

    (a)   Imprisonment for a period of a minimum mandatory of 5 years to 40 years;

    (b)   A fine of $5,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)   A term of supervised release of at least 4 years;

    (d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)   Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Jordan for a period of 5 years; and

    (f)   Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    5.   **SPECIAL ASSESSMENT**.  Mr. Jordan has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case.  Mr. Jordan agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    6.   **PAYMENT OF MONETARY PENALTIES**.  Mr. Jordan authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting

_SLJ_
Defendant's
Initials

agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Jordan agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Jordan further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Jordan authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Jordan shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Jordan agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

7.    **COOPERATION.**  Mr. Jordan will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon

_SLJ_
_____
Defendant's
Initials

request of the United States.  In complying with this provision, Mr. Jordan may have counsel present except when appearing before a grand jury.

8.    **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Jordan, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9.    **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Jordan for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Jordan for perjury or false statement if such a situation should occur pursuant to this agreement.

10.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Jordan stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Jordan agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the Indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Jordan or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf.  Mr. Jordan knowingly and voluntarily waives, see

*SLJ*
_____
Defendant's
Initials

United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts.  If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Jordan understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.**   Based on the foregoing Stipulation of Facts, the United States and Mr. Jordan agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2D1.1(c)(5) – Base Offense Level                    30

Adjusted Offense Level (Prior to Acceptance)             30

The United States and Mr. Jordan acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.**   Mr. Jordan knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute.  Mr. Jordan also knowingly

*SLJ*
_____
Defendant's
Initials

and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 21 U.S.C. § 846, is unconstitutional, and (2) Mr. Jordan's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 21 U.S.C. § 846.

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Jordan also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13.   **WAIVER OF FOIA AND PRIVACY RIGHT.**   Mr. Jordan knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14.   **FINAL DISPOSITION.**   The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence.   The United States reserves the right to:

_SLJ_
Defendant's
Initials

(a)   Inform the Probation Office and the Court of all relevant
      facts and conduct;

(b)   Present evidence and argument relevant to the factors
      enumerated in 18 U.S.C. § 3553(a);

(c)   Respond to questions raised by the Court;

(d)   Correct inaccuracies or inadequacies in the presentence
      report;

(e)   Respond to statements made to the Court by or on behalf
      of Mr. Jordan;

(f)   Advise the Court concerning the nature and extent of Mr.
      Jordan's cooperation; and

(g)   Address the Court regarding the issue of Mr. Jordan's
      acceptance of responsibility.

15.   **VOIDING OF AGREEMENT**.   If either the United States or
Mr. Jordan violates the terms of this agreement, the other party
will have the right to void this agreement. If the Court refuses
to accept this agreement, it shall be void.

16.   **ENTIRETY OF AGREEMENT**.   This written agreement
constitutes the entire agreement between the United States and Mr.
Jordan in this matter.   There are no agreements, understandings
or recommendations as to any other pending or future charges
against Mr. Jordan in any Court other than the United States
District Court for the Southern District of West Virginia.

_SLJ_
_____
Defendant's
Initials

Acknowledged and agreed to on behalf of the United States:

MICHAEL B. STUART
United States Attorney

By:

JOSEPH F. ADAMS
Assistant United States Attorney

JFA/sdw

I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this eight-
page agreement that I have read and carefully discussed every part
of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement. I further acknowledge that
my attorney has advised me of my rights, possible defenses, the
Sentencing Guideline provisions, and the consequences of entering
into this agreement, that no promises or inducements have been
made to me other than those in this agreement, and that no one has
threatened me or forced me in any way to enter into this agreement.
Finally, I am satisfied with the representation of my attorney in
this matter.

_Stewart Jordan III_                _3-2-20_
Stewart Longworth Jordan, III       Date Signed
Defendant

_R. Lee Booten, II, Esquire_        _3-2-2020_
Counsel for Defendant               Date Signed

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON

**UNITED STATES OF AMERICA**

v.                                CRIMINAL NO. _____

                                  21 U.S.C. § 846

**STEWART LONGWORTH JORDAN, III**

## I N F O R M A T I O N
### (Attempted Possession with Intent to Distribute Methamphetamine)

The United States Attorney Charges:

On or about November 9, 2018, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant STEWART LONGWORTH JORDAN, III knowingly and intentionally attempted to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 846.

UNITED STATES OF AMERICA

MICHAEL B. STUART
United States Attorney

By: _____

JOSEPH F. ADAMS
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 3:20-cr-00046

STEWART LONGWORTH JORDAN, III

## STIPULATION OF FACTS

The United States and Stewart Longworth Jordan, III
(hereinafter "Mr. Jordan" or "I") stipulate and agree that the
facts comprising the offense of conviction (Count One in the
Information to be filed in the Southern District of West Virginia),
and the relevant conduct for that offense, include the following:

## DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

On November 9, 2018, I went to the residence located at 1019
1/2 Euclid Place in Huntington, Cabell County, within the Southern
District of West Virginia (hereinafter "the residence") to pick up
a box of methamphetamine, a Schedule II controlled substance, which
was mailed from the State of Nevada. The box was intercepted
earlier that day at the Huntington Post Office and postal
inspectors located approximately 1 kilogram of methamphetamine in
the box. Inspectors removed the methamphetamine from the box,
placed a small quantity of methamphetamine back in the box, and
delivered the box to the residence. After inspectors delivered
the box, I came to the residence in a vehicle and retrieved the
box from the porch of the residence. I was then stopped in
possession of the box and arrested. I intended to possess the
quantity of methamphetamine mailed from Nevada and the
methamphetamine was intended for distribution.

## RELEVANT CONDUCT AND TOTAL DRUG WEIGHT

The parties stipulate and agree that the total amount of
offense and relevant conduct attributable to Mr. Jordan at
sentencing is at least 500 G but less than 1.5 KG of
Methamphetamine.

Stipulated and agreed to:

_Stewart Jordan III_       _3-2-20_
STEWART LONGWORTH JORDAN, III      Date
Defendant

_[signature]_       _3|2|2020_
R. LEE BOOTEN, II, ESQUIRE      Date
Counsel for Defendant

_[signature]_       _3|3|20_
JOSEPH F. ADAMS      Date
Assistant United States Attorney